Zheng v. Holder

BIA
Balasquide, IJ
A087 634 499

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

SU ZHENG,

>        *Petitioner*,

>        v.                                    12-3209
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Lee Ratner, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Terri J.
                       Scadron, Assistant Director;
                       Genevieve Holm, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED.

Su Zheng, a native and citizen of the People's Republic of China, seeks review of a July 24, 2012, decision of the BIA denying her motion to remand and affirming the February 25, 2011, decision of Immigration Judge ("IJ") Javier Balasquide, pretermitting her asylum application. *In re Su Zheng*, No. A087 634 499 (B.I.A. July 24, 2012), *aff'g* No. A087 634 499 (Immig. Ct. N.Y. City Feb. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Zheng does not challenge the denial of her motion to remand, we address only the pretermission of her claim for asylum.

An asylum applicant must demonstrate "by clear and convincing evidence," through credible testimony or reliable

2

corroborating evidence, that she filed her application within one year after the date of her "arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). The agency ruled that Zheng was not credible in testifying that she arrived in the United States on September 12, 2008, within one year of her application for asylum on July 31, 2009.

While this Court lacks jurisdiction to review the determination that an asylum application is untimely, it retains jurisdiction to consider constitutional claims or questions of law. *See* 8 U.S.C. §§ 1158(a)(2)(B), (3), 1252(a)(2)(D); *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 285 (2d Cir. 2009). Zheng argues that the IJ erred in deeming two aspects of her testimony inconsistent with a record from her hospital visit, thus raising a question of law. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006). Zheng testified that her illness began 4 or 5 days prior to her hospital visit; the hospital record indicated one week. Zheng described the department where she was treated as the "[c]old department, the department that treats cold and cough"; the hospital record identified the department as the "outpatient department."

These alleged "inconsistencies" are not merely trivial, they cannot reasonably be deemed inconsistencies at all. Characterizing a time interval as a "week" is not necessarily a precise measurement of seven days. When the hospital attendant heard Zheng complain of symptoms for 4 or 5 days, the attendant might well have thought Zheng was describing the working days of the prior week. Nor was there an inconsistency as to the identification of the treating department. After first using the phrase "[c]old department," Zheng immediately amplified her answer to say "the department that treats cold and cough." Obviously, the "outpatient department," as identified in the hospital record, is the department "that treats cold and cough," as identified by Zheng.

Zheng's credibility as to her date of arrival in the United States, which is critical to the timeliness of her asylum claim, must be reconsidered without reliance on these two items of supposed inconsistency.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further consideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4